IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RENE ARTAL GONZALEZ,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, NDCS Work Ethic Camp, in his official capacity; PETER BERG, Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, in his official capacity; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity; and ATTORNEY GENERAL OF THE UNITED STATES, in his official capacity;<br><br>Respondents. | **8:26CV293**<br><br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court on Petitioner Rene Artal Gonzalez's petition for a writ of habeas corpus. (Filing No. 1). Artal Gonzalez is a Cuban national and citizen. (Filing No. 1 at 3). He was ordered removed to Venezuela, or in the alternative, to Cuba by an immigration judge in October 2025. *See Gonzalez v. Warden, NDCS Work Ethic Camp*, 2026 WL 1031187, at \*1 (D. Neb. Apr. 16, 2026). When the government ran into roadblocks to removing him to either country, it sought Artal Gonzalez's consent for a third country removal to Mexico. *Id.* at \*1. Artal Gonzalez did not agree. He told U.S. Immigration and Customs Enforcement he "would not go to Mexico" as he "fear[s] for his safety" there. *Id.* at \*1-2. ICE then told him he would "remain in ICE custody

until [he] demonstrate[s] that [he] is making reasonable efforts to comply with the order of removal" and he cooperated with "ICE's efforts to remove" him. *Id.* at *2.

Artal Gonzalez responded by filing a petition for a writ of habeas corpus. The Court denied it because Artal Gonzalez had not "provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future such that he [wa]s entitled to release" under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at *4. He had "the keys in his pocket" and could "end[ ] his detention immediately" by cooperating with the government's efforts to remove him to Mexico. *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (quoting *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999)).

Around two months later, Artal Gonzalez returns to the Court. Relying on facts like "the passage of time" since the Court's first order, the government's failure to secure "travel documents necessary to effectuate removal" to Mexico, and the lack of any evidence Mexico agreed to accept him, he argues he must be released because removal there—or anywhere else—"is not significantly likely to occur in the reasonably foreseeable future." (Filing No. 1 at 6-8, 11-13). Based on Artal Gonzalez's petition alone, it no longer appears his fears for his safety are the primary barriers to his removal to Mexico.

The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Artal Gonzalez] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Artal Gonzalez]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* The person to whom the order is directed "shall make a return certifying the true cause of [Artal Gonzalez] detention." *Id.*

Here, the fact-bound nature of Artal Gonzalez's *Zadvydas* claim suggests the Court should hear from the Respondents before determining whether Artal Gonzalez is entitled to any relief. Accordingly, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

---

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under

**IT IS ORDERED:**

1. The Clerk of the Court shall, before docketing this order, add Justin J. Hall of the Nebraska Attorney General's Office as counsel for the Warden of the NDCS Work Ethic Camp, and add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the other respondents, and shall after doing so regenerate the filing for the petition.

2. The respondents shall, on or before July 1, 2026, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.

3. The petitioner may reply in support of the petition on or before July 7, 2026.

Dated this 26th day of June, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

---

28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.