IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RENE ARTAL GONZALEZ,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, NDCS Work Ethic Camp, in his official capacity; PETER BERG, Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, in his official capacity; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity; and ATTORNEY GENERAL OF THE UNITED STATES, in his official capacity;<br><br>Respondents. | 8:26CV293<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Rene Artal Gonzalez's petition for a writ of habeas corpus. (Filing No. 1). Artal Gonzalez again challenges his continued detention by U.S. Immigration and Customs Enforcement. *See Gonzalez v. Warden*, NDCS Work Ethic Camp, 2026 WL 1031187 (D. Neb. Apr. 16, 2026) (*Gonzalez I*). For the reasons set forth below, Artal Gonzalez's petition will be denied.

## BACKGROUND[1]

Artal Gonzalez is a Cuban national and citizen. ([Filing No. 1 at 3](#)). He entered the United States in 2023 and became a lawful permanent resident around two years later. ([Filing No. 1 at 4-5](#); [Filing No. 1](#)-1). U.S. Immigration and Customs Enforcement (ICE) detained and initiated removal proceedings against him in June 2025. ([Filing No. 1 at 5](#)).

In October 2025, an immigration judge entered a final order of removal against Artal Gonzalez. ([Filing No. 1 at 5](#)). Artal Gonzalez indicated he wanted to be removed to Venezuela, so the immigration judge ordered him removed there or in the alternative, to Cuba. *Gonzalez I*, 2026 WL 1031187, at *1.

Effectuating that removal order has proven difficult. Artal Gonzalez was denied repatriation to Cuba in December 2025. *Id.* That prompted the government to explore a "third country removal" to Mexico. *Id.* But Artal Gonzalez told the ICE agent that he "would not go to Mexico" as he "fear[ed] for his safety" there. *Id.* After ICE served Artal Gonzalez with a Notice of Failure to Comply stating he would "remain in ICE custody until [he] demonstrate[s] that [he] is making reasonable efforts to comply with the order of removal," he sought habeas relief from this Court. *Id.* at *2.

The Court denied his petition for habeas relief in April 2026. Artal Gonzalez "failed to carry his burden of showing there is no significant likelihood of removal in the reasonably foreseeable future" for two main reasons. *Id.; see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *First,* Artal Gonzalez "ha[d] the keys in his pocket and c[ould] end [ ] his detention immediately by cooperating with the government's efforts to remove him to Mexico." *Id.* at *3 (citation modified); *see* 8 U.S.C. § 1231(a)(1)(C). *Second,* given evidence removal to Venezuela was seemingly "also not an option," it appeared a third country removal to Mexico was authorized by statute. *Id.* at *4; *see* 8 U.S.C. § 1231(b)(2)(E)(vii) (authorizing the government to remove a noncitizen to any "country whose government will accept the alien into that country" when the government may not remove the noncitizen to any country covered by that alien's order of removal). Artal Gonzalez, then, had "failed to show that a third country removal to Mexico" was

---

[1] A fuller recitation of the background surrounding Artal Gonzalez's detention is set forth in *Gonzalez I. See* 2026 WL 1031187, at *1-*2. The Court limits its discussion of the facts here to those relevant to this habeas petition.

not "significantly likely in the reasonably foreseeable future." *Id.* As to his claims of fear were he to be removed there, the Court noted he had "statutory protection from that outcome." *Id.; see* 8 U.S.C. § 1231(b)(3)(A). To pursue that protection, the Court advised he could make a fear claim to the government in his removal proceedings. *See id.* at *4.

It does not seem much has changed since then. Artal Gonzalez, still in ICE detention and now proceeding pro se, has returned to the Court seeking a writ of habeas corpus. (Filing No. 1). He claims he still lacks "a confirmed valid travel document, individualized acceptance by Mexico, proof of lawful admission into Mexico, or an executable removal plan." (Filing No. 1 at 7). Those facts, coupled with the "continued passage of time" since the Court's first order, Artal Gonzalez says, support his "position that his removal is not significantly likely to occur in the reasonably foreseeable future." (Filing No. 1 at 7). He therefore argues his continued detention violates his substantive and procedural due process rights under the Fifth Amendment, entitling him to immediate release. (Filing No. 1 at 20).

As before, the Court entered an order to show cause directing the Respondents to respond to the petition and Artal Gonzalez to reply. (Filing No. 4). The Respondents did so (Filing No. 6; Filing No. 7), but Artal Gonzalez did not reply by his deadline. The Court therefore considers the matter submitted on the parties' written filings to date and declines to hold a hearing. *See* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.").

## STANDARD OF REVIEW

Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Artal Gonzalez bears the burden to show that he is in custody in violation of the law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### DISCUSSION

*Zadvydas* again supplies the framework governing Artal Gonzalez's claims. There, the Supreme Court held that the statute authorizing detention of noncitizens ordered removed from the United States—8 U.S.C. § 1231(a)— "does not permit indefinite detention[.]" 533 U.S. 678, 689. Instead, the court read the statute to "limit[ ] an alien's post-removal-period[2] detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* After all, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690.

"[F]or the sake of uniform administration in the federal courts," the Supreme Court "recognize[d]" a six-month period where detention is "presumptively reasonable." *Id.* at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* A noncitizen cannot rest on the presumption alone, however. *Id.* ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

Before reaching Artal Gonzalez's *Zadvydas* claim, the Federal Respondents[3] make a threshold argument that Artal Gonzalez's petition should be dismissed under the abuse of the writ doctrine. (Filing No. 7 at 9). That doctrine prohibits a § 2241 petitioner from bringing successive claims that were resolved, or could have been resolved, in an earlier petition. *See McCleskey v. Zant*, 499 U.S. 467, 470 (1991) (superseded by statute on other grounds).

But the abuse of the writ doctrine does not apply here. In the Court's view, Artal Gonzalez is not re-raising claims he made or could have made in his previous petition—instead, he is

---

[2] Under § 1231(a)(1)(A), the government has ninety days to remove a noncitizen after a final order of removal is entered. During that ninety-day period, removal is mandatory. *Id.* § 1231(a)(2). After ninety days, detention becomes discretionary. *Id.* § 1231(a)(6).

[3] The Federal Respondents are all but the Warden of the NDCS Work Ethics Camp, the facility where Artal Gonzalez is being held. The Warden "does not take a position on the substantive issues raised in the Petition" or "whether Petitioner's writ should or should not be granted." (Filing No. 6 at 2).

challenging his *continued* detention in light of the passage of time and the fact he has not been removed since the Court denied his first petition. It follows he did not "possess[ ], or by reasonable means could have obtained, a sufficient basis to allege [this] claim in [his] first petition[.]" *Id.* at 489. What is more, the "equitable" character of the abuse of the writ doctrine counsels against an unflexible application like the one the Federal Respondents ask for here. *See id.* at 490; *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996).

The Court therefore turns to the merits of Artal Gonzalez's petition. As Artal Gonzalez points out, he has now been detained for longer than six months. (Filing No. 1 at 5). Thus, the question under *Zadvydas* is whether he has "provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" 533 U.S. at 701.

He has not. The Court reaches that conclusion for two interrelated reasons. *First,* as was the case in April, Artal Gonzalez himself continues to be "responsible for his plight." *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003). His continued detention is a product of his refusal to be removed to Mexico. Artal Gonzalez now says removal there is not significantly likely because, for example, he has no "confirmed travel document" or "scheduled deportation date[.]" (Filing No. 1 at 12). But he is responsible for the holdup. He has steadfastly "refused" to comply with removal to Mexico and "failed to assist in applying for a travel document"[4] there. (Filing No. 9-4 at 1). Artal Gonzalez also suggests Mexico has not agreed to accept him (Filing No. 1 at 15), but there is evidence to the contrary. According to a deportation officer, Mexico "*has* agreed to accept [Artal Gonzalez]." (Filing No. 9 at 6) (emphasis added).

At bottom, Artal Gonzales still "has the keys in his pocket" and can "end[ ] his detention immediately" by cooperating with the government's efforts to remove him to Mexico. *Banyee v. Garland,* 115 F.4th 928, 933 (8th Cir. 2024) (quoting *Parra v. Perryman,* 172 F.3d 954, 958 (7th Cir. 1999)). Indeed, the Federal Respondents confirm—as they did in April—that they would have removed Artal Gonzalez by now "but for [his] refusal" to cooperate. (Filing No. 7 at 12). That is one reason he cannot show "good cause" to believe that there is no significant likelihood of

---

[4] In fact, Artal Gonzalez also declined to assist ICE in "obtaining a travel document" for Venezuela, the country he designated in the final order of removal. (Filing No. 9 at 6). ICE sent him forms requesting information from him in February 2026, but they "went unanswered." (Filing No. 9 at 6).

removal in the reasonably foreseeable future." *Glushchenko v. United States Dep't of Homeland Sec.*, 566 F. Supp. 3d 693, 705 (W.D. Tex. 2021); *see Laguardia, Next Friend of Laguardia v. Immigr. & Customs Enf't*, 2026 WL 440749, at *2 (N.D. Iowa Feb. 17, 2026) ("Under *Zadvydas*, [the petitioner] cannot show there is no significant likelihood of his removal in the reasonably foreseeable future if he complies with his obligations."); 8 U.S.C. § 1231(a)(1)(C).

*Second,* Artal Gonzalez has not changed the Court's mind regarding the possibility of a third country removal. *See* 8 U.S.C. § 1231(b)(2)(E)(vii). Removal to either country listed in Artal Gonzalez's removal order is still "impracticable" at best. *Id.* Cuba denied him repatriation and there is "no known mechanism" for Venezuela to receive him given his lack of residency or citizenship there. (Filing No. 9 at 6). Thus, as in April, a third country removal appears authorized by § 1231(b)(2)(E)(vii). Or put differently, removal to a third country like Mexico remains significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

But again, Artal Gonzalez asserts "a genuine and sincere fear for his personal safety" if he were to be removed to Mexico. (Filing No. 1 at 16). And the Court, as before, is not unsympathetic to Artal Gonzalez's concerns. Artal Gonzlez, however, has "statutory protection" from removal to a country where his "life or freedom would be threatened because of [his] race, religion, nationality, membership in a particular social group, or political opinion." *Gonzalez I,* 2026 WL 1031187, at *4 (quoting 8 U.S.C. § 1231(b)(3)(A)); *see* 28 C.F.R. § 200.1; 8 C.F.R. §§ 208.16–18, 1208.16–18. In April, the Court advised that Artal Gonzalez's fear claim should be "raised, in the first instance, to the government in the context of Artal Gonzalez's immigration proceedings." *Id.* But since then, Artal Gonzalez does not appear to have made a fear claim to ICE. And to get "the appropriate interview" for protection from removal to a country described in § 1231(b)(3)(A), the Federal Respondents say, all he needs to do is ask. (Filing No. 1 at 2). ICE "remains ready and willing to schedule" such an interview for Artal Gonzalez. (Filing No. 7 at 13).

That means, for the most part, things stand as they did in April. If Artal Gonzalez wishes to pursue § 1231(b)(3)(A) relief from removal to Mexico, he should make his fear claims to ICE. The appropriate interview will follow. But refusing to be removed to Mexico—and declining to pursue any relief from removal in immigration proceedings—is not a valid pathway to habeas relief under *Zadvydas*. At this point, Artal Gonzalez has not shown good reason to believe that

there is no significant likelihood of removal in the reasonably foreseeable future. His habeas petition will therefore be denied.

Accordingly,

**IT IS ORDERED:**

1. Petitioner Rene Artal Gonzalez's petition for a writ of habeas corpus (Filing No. 1) is denied.

2. A separate judgment will be entered.

Dated this 23rd day of July, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge